Good morning and welcome to the Ninth Circuit. I'm Judge Nelson and it's a pleasure to be joined by my colleagues Judge Miller and Judge Desai and we welcome you to the the Ninth Circuit. We're grateful to our court staff who helped us run so smoothly and we'd ask during arguments that you please watch your time, keep to your allocated time frames and just trying to sum up as your time's expiring. Let us know as well if you want to use any, preserve any time for rebuttal. We'll go ahead and proceed with our oral argument calendar. There's three submitted cases, U.S. v. Cardoza case number 23-1071, U.S. v. Avelian case number 23-1266 and United States v. Williams case number 23-1365. The first case set for argument is United States v. Carasco and that case is set for 15 minutes. Counsel, you may proceed. Thank you, Your Honor. Andrea St. Julian on behalf of the defendant Jesus Carasco. Your Honor, I'd really like to focus on, as the most important issue, Mr. Carasco's lack of counsel at trial. Mr. Carasco was representing himself. He realized that he simply did not have the mental, emotional or educational wherewithal to conduct a trial. He let the court know that he was having emotional breakdowns, that he fully understood that he couldn't go forward. Consequently, seven days before his trial, he asked that counsel be reappointed for him. The district court denied that request and that denial was, in fact, error. That was his fourth request for a continuance, is that correct? I believe that the continue had only been continued twice before and I believe this was the third request. I could be mistaken, Your Honor, but I thought it was only two requests. The trial had originally been scheduled, I believe, for March of 2019 and then it was continued to October and, in fact, did take place in October. So... So is your argument that it's... When counsel chooses... You don't disagree that he was properly allowed to proceed pro se in the first place? Of course. Okay. So your argument apparently is that if you decide... If you... If the judge approves a pro se, going forward pro se, and then the pro se party decides that he wants to switch that, is it always an abuse of discretion at that point for the judge to deny a continuance? Oh, of course not. The... Or I wouldn't say to deny a continuance, but I will say, in just looking at whether to reappoint counsel, no. There... There are instances where counsel can be denied, but that... But when... But the standard is quite high for the denial of counsel and also for the continuance, when the request for a continuance is based on a request for counsel. And it was very clear that the court was frustrated with Mr. Carrasco, but that alone is not a basis for denying the reappointment of counsel. So the... May I ask that, on that point, the court made a factual finding, was that 826, I find that the current request is manipulative on Mr. Carrasco's part and is invoked in order to delay trial. Do you think that that finding was clear error? I... I do think that it was, but I... But we also don't need to go that far. It has to be more than... A denial of counsel has to be based on more than the fact that a continuance is simply going to have some impact on the court's calendar. It has to be more than that. It has to rise to the level of a frustration of the administration of justice. And that is not what Mr. Carrasco's request for the reappointment of counsel... But it seems to be what the district court found. I mean, I don't know what your distinction is between the administration of justice and the court's calendar. Like, I... I'm not sure what distinction you're making there, but I... Your theory seems to be that he could continue to do that. We could be here on the 10th continuance and you would be making the same argument. That, oh yeah, he decided that he could go forward and then he changed his mind. What... What differentiates that six, you know, the fourth, the fifth, the sixth, seventh time? Yeah. And I do want to be clear about where we're at. Mr. Carrasco did not engage in... in any sort of attempt to delay the proceedings, really at any point. So that's... that's your... that's your position for why the statement that Judge Miller read was clearly erroneous then? Because you think that he didn't do it before and so the judge was clearly erroneous in making that finding in that instance. Yes, Mr. Carrasco had brought a speedy trial motion. He had, in fact, opposed a request for a continuance at one point. He... he... and... and we've got to understand and remember this was at the height of COVID. He was arrested just before COVID, okay? And he couldn't have gone to trial in March in 2000... in... in 2021 anyway because of COVID. He did not delay anything. This was a COVID issue in large part, all right? So I would disagree strongly that Mr. Carrasco engaged in any kind of intentional delay. What... what took place was Mr. Carrasco had and continues to have a belief that the search warrants were invalid and he wanted that issue raised. That was all. He was seeking justice. He was not trying to delay justice, you know? It was an honest and firm belief and a review of the search warrant shows that there were lots of reasons why he, particularly as a layperson, really felt that the search warrants were not valid. Now, frustration with that position by the district court is what it is, but that's not the same thing as intentionally trying to delay. But I guess the only pushback I have on that is you seem to be tying the prior continuances into why the district court couldn't have made that finding at the time. But I didn't see the delays in the case. But he seemed to tie it to this current request is an attempt to manipulate. And I guess I don't know... I'm not hearing the argument for why that current... I mean, the district court might have been right. It might have been wrong. You've given an alternative theory. But why would we step in and say the district court was clearly erroneous here? He, for whatever reason, and I don't read anything here to suggest that he did it in untoward reasons, came to that conclusion. I would say two reasons. I would reshape the court's earlier question to say one request for a continuance can be a basis for finding that someone is acting so horribly inappropriately that they don't even deserve to have counsel. I would find that argument very, very difficult given the Sixth Amendment right to counsel. Also, the frustration part, I think, really becomes apparent when you think Mr. Carrasco asked seven days before trial. He didn't ask in the middle of the trial for counsel. He didn't ask on the first day of trial. He asked a full week ahead of time. And he even brought in the man who was going to be his counsel who said, I'd just about be ready to go. But unfortunately, I have another trial in Texas that I have to do. I can be ready in seven to 10 days. That is not delay, Your Honor. Seven to 10 days is no real delay in terms of the administration of justice. And so I think that that really goes into the matter. But the court found that it wouldn't, given the other trials that were scheduled for the, already scheduled, it would in fact be a delay of several months, right? So what are we to make of that? Yeah, I don't think the court gave a specific number of months of when it could take the trial, but there were so many alternatives. Mr. Carrasco's trial could have trailed another trial. As the justices know and understand, trials drop out all the time. It is very, very common. Have Mr. Carrasco's trail each of the following trials until one drops out or set it for next time that the calendar is free. Mr. Carrasco wasn't fighting back against any of those things happening. And what is really very telling is that the district court didn't even consider any of those options. The court was simply frustrated with Mr. Carrasco on more of an and we cannot untether this request from the fact that it led to him not having counsel at trial. And Mr. Carrasco's performance at trial was horrendous. He either elicited or let in information about being wanted in other jurisdictions and being on the most wanted list talking about gang documentation. It was frightening what Mr. Carrasco did at trial. And he understood that that was going to happen. And that's why he wanted counsel to represent him. It is extremely serious for a district court to tell an uneducated individual, you know what, it's a week before trial, but no, I'm not going to give you any counsel. Even though your counsel can get on board and is willing to get on board whenever the court is willing to set this trial. I do want to just briefly say that I would still like the court to consider the other two issues that have been raised. The issues on the Franks hearing and also the issues on the, on his sentencing. But since I've already gone two minutes over the amount of time I wanted to reserve, I'd like to reserve the rest of my time for. Okay, thank you. Thank you, counsel. Thank you. Good morning and may it please the court. Rajesh Srinivasan for the United States. The district court properly exercised its broad discretion when it declined to reappoint the defendant's counsel and further continue trial. That decision was supported by specific findings, including that the defendant's request was manipulative, was invoked in order to delay trial, and came about only after the district court had rejected the defendant's unorthodox challenges to his search warrants. There was no error there or in the other issues presented on appeal. Unless the court wants me to start elsewhere, I will start on the continuance issue. The district court made specific findings on pages 824 to 831 where he carefully considered the factors that would authorize or justify continuance and concluded that those factors weighed against the defendant. And it's notable that the defendant created his own delay in this case. As the district court found, at least two of the delays were made because the defendant wanted to change counsel because his counsel refused to entertain his theory that the search warrants in the case were falsified or pursue a theory that because there were technical violations of police department policy, the search warrants were invalid. And it wasn't for a lack of trying that the defendant ended up without counsel at trial. The district court repeatedly warned the defendant that counsel was more experienced than him. And during the Feretta inquiry, the district court made clear to the defendant that if he chose to proceed pro se in order to pursue these theories, he may not get counsel in the future and he may not get another continuance and that the district court was inclined to proceed with trial on October 12th. And on the point that the district court found the request manipulative, the chronology is important in this case. When Mr. Kessel asked to be relieved as counsel, he told the district court in front of the defendant that he was not ready to proceed on October 12th. And then just two days after the district court rejected the defendant's motions, that is when the defendant brought this request to have Mr. Kessel reappointed. So the defendant was fully aware that his request would result in a delay of trial. Can I ask you, do we have a like, I mean, I know we're reviewing this for abuse of discretion, but is there an overlay because this is a request? This isn't just a standard request for continuance. It's a request for continuance to receive counsel to exercise a constitutional right. Is there a different overlay that we look at for that? Or do we just look at this like any other continuance and say abuse of discretion up or down? I don't think there's a different standard of review. I think the standard of review is abuse of discretion. In the consideration of whether continuance was authorized, the district court should consider factors under the Sixth Amendment, which it did here. But Thompson, this court's decision in Thompson, makes clear that you treat this issue as one of an abuse of discretion. The issue in that case was whether to reappoint counsel. So what are the Sixth Amendment considerations that would lead to a district court having to allow a continuance to obtain counsel? I think if the district court had, if the defendant had brought this motion earlier, that might have changed things. It might have allowed the court to make sure that other litigants wouldn't be robbed of speedy trial rights down the line. But hold on. I mean, that seems like not really answering my question, because my question, I mean, that's the administration of justice. But my question is, if I'm going to come in and ask for counsel, at what point does a district court not have discretion to deny that continuance? I think the district court would not have discretion if the district court found the defendant incompetent to proceed. And that was not the case. Right. But you think that's the only, you think that's really the way? Otherwise, it doesn't infringe on the Sixth Amendment, right? I think that's correct. Under FREDA, a defendant has a right to represent themselves at trial. And here, the defendant has not challenged on appeal his knowing, voluntary, and intelligent waiver of his right to counsel at the FREDA hearing. And in fact, even after trial, after the defendant... So if he'd said, I've had a mental problem, I had a mental breakdown last week, I don't think I'm ready to go to trial. And the district court said, I think that's manipulative and did nothing more, would that be an abuse of discretion? I don't think so, at least under the circumstances of this case, where the request came two days after the defendant had argued and presented these motions and lost. And then two days later, he asked for counsel to be reappointed. I think that's what really supports the finding of manipulation in this case. Furthermore, it's notable that even at sentencing, the defendant declined to have counsel appointed for him, even after the district court repeatedly warned him about the dangers of proceeding in that manner. So I think the defendant was knowingly, voluntarily, intelligently waiving his right to counsel during the FREDA hearing. He maintained that waiver, and the district court did not err in finding that the defendant could proceed to trial, pro se, without reappointment of counsel. Unless the court has other questions about this or other issues, I would submit on the briefs. Okay, thank you. We'll give you rebuttal time. Thank you, Your Honor. I would like to address the court's questions to opposing counsel because there is a difference between adjudicating a continuance on a Sixth Amendment right versus other non-constitutional rights. And I think it would certainly be a mistake for this court to review the denial of the continuance as if it had been a continuance on a non-constitutional issue. But doesn't that mean that the district court still would have had to either make a legal error as to the Sixth Amendment, or abused its discretion and its considerations on the Sixth Amendment implications? If I understand the court's question correctly, of course, this court has a standard of review in how it is going to look at and review the district court's decision. And there is not a reflexive reversal on this particular issue. I would also like to address opposing counsel's statement that the fact that two days prior to the request for the appointment of counsel, Mr. Carrasco lost his motions requesting findings regarding the search warrant. And the assertion that that tells the tale, for some reason, that this was, the request was somehow made in bad faith. I would argue the exact opposite. It was at that point when those motions had been denied, motions that to this day, Mr. Carrasco fervently believes that these search warrants were inappropriate. And there is quite a bit of reason for that. The search warrants were so badly done, so poorly executed, search warrant didn't even, the principal one didn't even have a number on it, didn't even look like it had been filed with the court, that the search warrant returned what had been filed until fourth. There was every reason for him to believe that these search warrants were wrong. And that was, I think even supported later on when Mr. Carrasco discussed or made complaints with the police department about the execution and everyone except one of those complaints were sustained. Okay. So Mr. Carrasco had a true belief that these search warrants were inappropriate, but it wasn't until the court denied his requests that the reality was really forced it on him that he was going to have to go to trial. And it was that point that he had an emotional breakdown. He believes so strongly in the issues regarding the search warrants. And again, rightfully so, particularly as a lay person, that he had no concept that he was actually going to go to trial until that point two days earlier. And that's when his emotional instabilities started. Now, I do also want to say one thing in my last few seconds is that I strongly disagree that mental incompetence is the only basis for granting a request for the reappointment of counsel. Okay. Thank you, counsel. Thank you to both counsel for your arguments. Oh, thank you, your honor. What's that? Oh, I see that I got a little more time on my... Oh, yeah. No, we're grateful for your arguments and the case is now submitted. So we'll move on to...
judges: NELSON, MILLER, DESAI